[Civ. No. 9090. Second Appellate District, Division One.—August 24, 1933.]

JOHN SHRODE, Respondent, v. SAVOY AUTO PARKS et al., Appellants.

Burke, Hickson & Burke for Appellants.

Elbert E. Hensley for Respondent.

HOUSER, J.— This is a motion to dismiss an appeal on the ground that the appellants "have failed to complete their record on appeal within the time required by law".

Although the appellants were given twenty-five days' notice of the date of the hearing of said motion, they failed to file, or to offer to file, any objection thereto until the morning of the day on which said motion had been noticed for hearing, at which time they offered to the clerk of this court for filing herein an affidavit and certain authorities which purported to relate to and be in opposition to the granting of said motion. Under the provisions of section 3 of Rule XX of this court, in the absence of an order by which the time of serving and filing "opposition to the motion" may be shortened, the said affidavit and authorities offered by the appellants in said matter were presented too late, and consequently were properly refused filing by the clerk of this court. Nor does the record herein disclose either that any motion by appellants to be relieved from their default in that particular was ever presented to this court, or even the existence of any extenuating fact or circumstance which might tend to excuse the said dereliction of the appellants.

On the date when the motion to dismiss the appeal was noticed for hearing, it was ordered submitted for decision by this court. However, four days later appellants gave notice of the hearing of a motion to vacate said order of submission and to permit the filing not only of the said affidavit which previously appellants had been denied the right to file, but as well additional affidavits which related principally to facts which had occurred subsequent to the date on which the motion to dismiss the appeal came on for hearing in this court. No grounds for the said motion presented by appellants are set forth in their notice of motion; nor are any legal grounds therefor apparent. As far as concerns the original affidavit which, as hereinbefore indicated, was properly refused filing, its physical attachment to, and its incorporation into, the motion made by appellants would appear to be but an attempt by them to evade the consequences of their failure to timely present opposition to the motion to dismiss the appeal. As to the facts set forth in the remaining affidavits which accompanied appellants' motion, it is clear that in no way could they affect the propriety of the

order by which the motion to dismiss the appeal was submitted for decision.

Regarding the motion to dismiss the appeal, by the "certificate of the clerk of the court below" (Rule VI), among other essential particulars required by the rule of this court, the following facts appear:

"That notice of order denying the defendants' motion for a new trial was filed and served on the 31st day of May, 1932; that no proposed bill of exceptions has been filed by the said defendants or either of them herein; that no bill of exceptions has been settled; that there has been no request made to the clerk to prepare a transcript under the provisions of section 953a of the Code of Civil Procedure of the State of California; that no proceedings are pending for the settlement of the transcript under the provisions of section 953a of the Code of Civil Procedure of the State of California; . . . "

Since the motion to dismiss the appeal was not filed until long after the regulatory period had expired within which the appellants were entitled "to complete their record on appeal"; nor until after many months had elapsed following the date of the service upon appellants and the filing with the clerk of the trial court of the notice of the "order denying defendants' motion for a new trial"; and since no legal reason or justification for such delay has been properly presented to this court, a ruling that the said motion should be granted becomes imperative.

It is ordered that the motion to vacate the order of submission of the motion to dismiss the appeal, etc., be and it is denied. It is further ordered that the motion to dismiss the appeal be and it is granted.

Conrey, P. J., and York, J., concurred.